IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-96-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RAYMOND ALAN GRIFFIN ) | |
| ) | |

This matter comes before the Court on defendant's combined motion to dismiss, suppress, and compel the government to produce documents. [DE 39]. It has been fully briefed and is ripe for disposition. For the reasons discussed below, defendant's motion to dismiss is DENIED.

## BACKGROUND

In August 2017, Raleigh police responded to a robbery at a Wells Fargo bank. [DE 39-1, p. 2]. An unarmed black male, described as "tall and thin," had entered the bank, demanded money, and then jumped over the teller counter and taken money from an open drawer. [DE 39-1, p. 2, 34]. The suspect wore a blue covering on his head, a black mask, a plaid shirt, white pants, black boots, and a single black glove. [DE 39-1, p. 2]. He placed the money inside of a white Food Lion bag. *Id.* The suspect then left the bank on foot. *Id.*

Soon after the robbery was reported, Raleigh police received another report that an individual matching the suspect's description was seen running behind houses near the bank. *Id.* Only minutes after the robbery occurred, Officer Willauer observed defendant exiting a "porta-john" at a construction site near the bank. *Id.* Upon seeing Officer Willauer, defendant "immediately turned and walked with a purpose" in the opposite direction. [DE 39-1, p. 35]. Officer Willauer observed that the defendant "was acting suspiciously and was making it look as

if he was working in [the] construction site," despite the fact that he was wearing a blue backpack. [DE 39-1, p. 2]. Defendant stopped and spoke to individuals who were working at the construction site; the individuals "looked at him in a questioning manner" and gave him "confused looks." [DE 39-1, p. 35]. Officer Willauer exited his vehicle and approached defendant, who "had furtively glanced over . . . twice" at Officer Willauer. *Id.* Since "it appeared to [Officer Willauer] as though [defendant] was about to flee," Officer Willauer grabbed defendant's arm and instructed him to sit down. *Id.* He noted that defendant appeared "as though he had recently been running." *Id.* Shortly after, Officer Willauer handcuffed defendant "due to the inherent flight risk and officer safety concerns involving a possible robbery suspect." *Id.*

Defendant then permitted Officer Willauer to open his backpack to find identification. *Id.* In the backpack, Officer Willauer found two black bandanas, "tied off in a way that could be used to cover one's face." *Id.* Then, Officer Willauer searched the porta-john that defendant had been seen exiting. *Id.* There, he found, "stuffed down inside" the toilet, multiple items of clothing consistent with what the bank robber wore during the robbery. *Id.* This included a plaid shirt, a single black glove, white pants, and an empty Food Lion bag. *Id.* Officer Willauer next conducted a search of defendant's person, finding $2,159.29 in the defendant's pockets. *Id.* This amount was similar to the amount stolen from the bank: $2,118.00. *Id.* After further discussion with an individual who had witnessed defendant walking between houses from the direction of the bank, Officer Willauer placed defendant under arrest. [DE 39-1, p. 36].

In March 2018, defendant was indicted for bank robbery under 18 U.S.C. § 2113(a). [DE 1]. In May 2018, discovery was provided to defendant, who is *pro se*, through his standby counsel. In June 2018, defendant sent a letter to the government requesting the production of certain documents. [DE 37]. The government responded in July 2018. [DE 42]. On July 16,

2

2018, defendant filed the present combined motion. [DE 39]. It includes (1) a motion to dismiss for vindictive prosecution, (2) a motion to dismiss due to an error in grand jury proceedings, (3) a motion to suppress evidence, and (4) a motion for specific discovery. *Id.* The government responded in opposition on July 26, 2018.

## DISCUSSION

### I. Defendant's motion to dismiss for vindictive prosecution is denied.

To successfully make a vindictive-prosecution claim, a defendant must demonstrate both (1) "that the prosecution had a discriminatory effect" and that it was (2) "motivated by a discriminatory purpose." *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). If the vindictive-prosecution claim is based on race, then the defendant also must "establish both (1) that 'similarly situated individuals of a different race were not prosecuted' and (2) that the decision to prosecute was 'invidious or in bad faith.'" *Olvis*, 97 F.3d at 743 (citations omitted). Defendant has not alleged that his prosecution is based on his religion, race, or any other protected characteristic. Thus, his motion to dismiss for vindictive prosecution is denied.

### II. Defendant's motion to dismiss due to an error in grand jury proceedings is denied.

Mere questions concerning the reliability of evidence and the credibility of witnesses are "not sufficient to require a dismissal of [an] indictment." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261 (1988) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Generally, a court should not dismiss an indictment for errors in the grand jury proceedings "unless there were errors which prejudiced the defendant." *Id.* at 254. Defendant has not demonstrated that there was any knowingly false or misleading testimony given to the grand jury. Further,

3

defendant has not alleged any prosecutorial misconduct which would constitute sufficient prejudice. Thus, his motion to dismiss due to an error in grand jury proceedings is denied.

III. Defendant's motion to suppress evidence is denied.

Law enforcement may briefly detain an individual for investigative purposes when there is reasonable suspicion, based on "articulable facts," that criminal activity is afoot. *Terry v. Ohio*, 392 U.S. 1 (1968). There must be at least some "minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Here, (1) there was reasonable suspicion to stop defendant, (2) defendant consented to the limited search of his backpack, and (3) there was probable cause to arrest defendant. Officer Willauer observed defendant, who fit the robbery suspect's physical description, within a few hundred yards of the bank, behaving suspiciously at a construction site. This was sufficient to justify the Terry stop. Defendant then permitted Officer Willauer to open his backpack to get his identification, and Officer Willauer saw the black bandanas in plain view. Finally, Officer Willauer's discovery of clothing matching the robbery suspect's clothing in the porta-john that the defendant had just exited, the black bandanas, and the amount of cash in defendant's pockets would lead any reasonable person to believe that defendant had committed the robbery. Thus, there was probable cause to arrest him. Accordingly, the defendant's motion to suppress evidence is denied.

IV. Defendant's motion for specific discovery is denied.

The government sufficiently addressed each of defendant's requests for specific discovery in its letter dated July 12, 2018. [DE 42]. In his initial letter, defendant requested documents which he either has already been given access to, is not entitled to access to, or which does not exist. Thus, defendant's motion for specific discovery is denied.

## CONCLUSION

For the foregoing reasons, defendant's combined motion to dismiss, suppress, and compel the government to produce documents [DE 39] is DENIED.

SO ORDERED, this **21** day of September, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE