IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-96-FL-1
NO. 5:21-CV-140-FL

| | | |
|---|---|---|
| RAYMOND ALAN GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 159) and respondent's motion to dismiss (DE 166). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 181), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Indictment filed September 6, 2018, charged petitioner with bank robbery, in violation of 18 U.S.C. § 2113(a). Petitioner pleaded not guilty and proceeded to trial. On January 8, 2019, a jury found petitioner guilty of the offense charged. Prior to sentencing, the United States Probation Office prepared a presentence investigation report on April 29, 2019, calculating petitioner's advisory guideline range to be 210 to 240 months, based upon petitioner's status as a career offender. The court sentenced petitioner on May 10, 2019, to a term of 240 months imprisonment.

Defendant appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction.

Petitioner filed the instant motion to vacate on March 17, 2021, claiming ineffective assistance of counsel at trial, sentencing, and appeal; as well as prosecutorial misconduct. The government argues in its motion to dismiss filed June 9, 2021, that the prosecutorial misconduct claim is procedurally defaulted, and that petitioner's ineffective assistance of counsel claims fail as a matter of law. On July 9, 2021, this case was reassigned to the undersigned from the docket of the district judge that conducted trial and sentencing. In M&R entered February 11, 2022, the magistrate judge recommends dismissal of the petition on the basis that petitioner fails to state a claim upon which relief can be granted. Petitioner thereafter filed objections to the M&R.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner fails to state a claim of ineffective assistance of counsel, in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678-88 (1984). The magistrate judge also correctly determined that petitioner's claim of prosecutorial misconduct is procedurally defaulted, and that petitioner has not shown an exception to such default. Pruett v. Thompson, 996 F.2d 1560, 1565 (4th Cir. 1993). Upon de novo review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner argues that the magistrate judge erred in finding that petitioner did not object to his prior convictions being used at sentencing, in the context of addressing petitioner's claim of ineffective assistance of counsel on appeal. The record reflects, however, that the court allowed petitioner an extension of time to file objections to the draft presentence report (DE 100), and petitioner did not file objections in the time allotted. (DE 115). In any event, while petitioner did

3

object at sentencing hearing generally to use of his prior convictions, (Tr. 13-14), petitioner has not demonstrated that an appellate argument challenging use of his prior convictions was clearly stronger than those already raised on appeal. Smith v. Robbins, 528 U.S. 259, 288 (2000). Indeed, any challenge to using petitioner's prior convictions as career offender predicates was foreclosed by Fourth Circuit precedent. See, e.g., United States v. Hammond, 912 F.3d 658, 663 (4th Cir. 2019) (affirming judgment relying upon consideration of prior New York robbery convictions).

Petitioner contends the magistrate judge was mistaken in determining petitioner requested items that he was not entitled to in discovery. Petitioner suggests he was entitled to "background checks" on trial witnesses. (Obj. (DE 184) at 3). Petitioner did not, however, request background checks in seeking discovery from the government, (DE 39), and the government in response did not refuse to provide background checks. (DE 42). Rather, it committed to producing all materials required under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (DE 42 at 3). Given the government's response to petitioner's discovery request, and the trial court's assessment of the same (see DE 43 at 4), petitioner again has not demonstrated that an appellate argument on the basis petitioner asserts was clearly stronger than those already raised on appeal. See Smith, 528 U.S. at 288.

Petitioner also argues the magistrate judge erred in referencing police finding a man matching the description of petitioner, and in stating that a witness, Joshua Martin ("Martin"), did not participate in a lineup. As an initial matter, the police report referenced in the M&R and in petitioner's objections, by officer James Willauer ("Willauer"), does in fact state that police observed "a man matching the suspect description." (DE 39-1 at 34). Further, while Willauer stated in his report and trial testimony that officers completed a "show-up," he does not reference Martin's participation in it. (Id. at 36). In any event, both Martin and Willauer provided testimony

4

at trial about the description of petitioner (Tr. (DE 139) at 83, 107, 113, 125) and counsel cross-examined both about inconsistencies in their descriptions. (Id. at 90-93, 137-138). At bottom, in light of counsel's cross examinations of both witnesses and the strength of the government's evidence, petitioner has not demonstrated that counsel's strategic choices in such cross examination fell below an objective standard of reasonableness, nor that there is a reasonable probability of a different outcome at trial but for counsel's performance. Strickland, 466 U.S. at 681, 694.

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the M&R (DE 181). Petitioner's motion to vacate, set aside, or correct sentence (DE 159) is DENIED, and respondent's motion to dismiss (DE 166) is GRANTED. This action is DISMISSED for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 31st day of October, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge